982 So.2d 1292 (2008)
Richard FRIZZLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4767.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Richard Frizzle, was indicted for felony murder in the first degree for the death of his disabled wife, Lanetra Frizzle. At the conclusion of the evidence at trial, the court granted appellant's motion *1293 for judgment of acquittal in part and reduced the charge to manslaughter. The jury returned a verdict finding appellant guilty. The court adjudicated appellant guilty of manslaughter consistent with the verdict.
Appellant raises four issues in this appeal, only one of which we hold has merit. Appellant argues the trial court erred in admitting testimonial evidence that police found pornographic videos and Vaseline in his bedroom. He contends that such evidence was irrelevant and inflammatory. We agree, and reverse and remand for a new trial. We affirm the remaining issues raised without discussion.
Appellant signed a consent form for police to search his home following his wife's death. Prior to the testimony of the investigating officer at trial, the court ruled the State could not introduce photographs of the bedroom showing the pornographic tapes because the probative value was outweighed by the undue prejudice. However, the court found that testimony was different. Over defense objection, the trial court permitted the State to adduce testimony about the state of the bedroom, including the presence of the pornographic tapes and Vaseline. The court instructed defense counsel to object as necessary if the witness began to go further, such as opining why the tapes were there.
An appellate court reviews the trial court's weighing of probative value against prejudicial impact under an abuse of discretion standard. LaMarca v. State, 785 So.2d 1209, 1212 (Fla.2001). The purpose of adducing testimony that pornographic tapes and Vaseline were found in appellant's bedroom was to establish a sexual need on appellant's part as part of the State's attempt to suggest a sexual motivation for the crime.
To be relevant, evidence must prove or disprove a fact in issue. See § 90.401, Fla. Stat. (2006); Coler v. State, 418 So.2d 238, 239 (Fla.1982). The presence of pornography and Vaseline in appellant's bedroom had no relevance to any fact in issue in this case. Furthermore, we hold that the scant probative value of the testimony about the presence of the pornographic tapes and Vaseline was outweighed by the undue prejudice to appellant. See § 90.403, Fla. Stat. (2006).
Reversed and Remanded For New Trial.
DAMOORGIAN, J., concurs.
HAZOURI, J., concurs specially with opinion.
HAZOURI, J., concurring specially.
I concur fully in the majority opinion but write to express my concern about the tactics used by the prosecutor in seeking this conviction. In arguing for the admission of the pornographic tapes and Vaseline, the prosecutor asserted that this evidence tended to counter the portrayal of the defendant as a devoted and caring husband.[1] However, in her final argument, the prosecutor used this evidence to argue that the pornographic tapes and Vaseline showed that the defendant had sexual needs, and that what must have occurred is that in satisfying these needs, he forced himself on his disabled wife, who then struggled and resisted, which resulted in the defendant strangling his wife to death. There was no physical evidence presented to even suggest that this had occurred. The defendant's wife had a *1294 bruise on her thigh to which the prosecutor repeatedly referred to as the "groin area." The decedent was found fully clothed, with no evidence of either vaginal or anal penetration. To assert that if it were error to admit this evidence it was harmless defies credulity in light of the prosecutor's final argument. Perhaps the prosecutor in this case needs to be reminded that she took an oath to seek justice, not just convictions.
NOTES
[1] The defendant's wife had become severely disabled as a result of having sustained a brain stem infarct secondary to uncontrolled diabetes. As a result, the defendant became his wife's caregiver.